<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY</u>

_____

MAURICE ASSADOURIAN,

           Plaintiff,

           v.

YOUSSEF HARB a/k/a JOSEPH HARB
d/b/a PLANET OF PERFORMERS, INC.;
AMRO DIAB; and JOHN DOES (1 to 25),

           Defendants.
_____

Civil Action No. 06-896 (JAG)

**OPINION**

<u>**GREENAWAY, JR., U.S.D.J.**</u>

      This matter comes before this Court on the "Motion On Appeal From Order Of United States Magistrate Judge Denying Motion For Leave To Amend Complaint Filed Before Completion of Pretrial Discovery" by plaintiff Maurice Assadourian ("Plaintiff"). For the reasons stated below, this motion shall be denied.

**I. <u>FACTS</u>**

      Plaintiff initiated the instant action against defendants Youssef Harb ("Harb") and Amro Diab ("Diab," and, collectively with Harb, the "Defendants") on February 27, 2006. In the initial Complaint, Plaintiff alleges that he negotiated and secured an agreement with Diab, under which Diab was to perform in concerts at several different venues. (Compl. ¶¶ 6-8.) Plaintiff contends that Harb interfered with this contractual relationship by offering Diab $300,000 for the performance of five concerts, "clear of taxes and to avoid backup withholding," and that Diab

subsequently accepted Harb's offer and breached his agreement with Plainitff.  (Id. at ¶¶ 11-13.) The Complaint cited 28 U.S.C. § 1332 as the basis for subject matter jurisdiction, and raised claims of tortious interference with a prospective contract, civil conspiracy, and unlawful business practices.

## II.  **PROCEDURAL HISTORY**

Plaintiff, who initially proceeded pro se in the instant litigation, filed an amended complaint (the "Amended Complaint"), as of right, on March 9, 2006.  The Amended Complaint added additional party-defendants, including Ashraf Fouad ("Fouad"), Maroun Abiaad ("Abiaad"), La Vedette Production Inc. ("La Vedette Production"), Stars on Tour Inc. ("Stars on Tour"), and Munir Gayed ("Gayed").[1]  On August 25, 2006, this Court dismissed the Amended Complaint for lack of subject matter jurisdiction, explaining that the inclusion of Gayed, a citizen of New Jersey, as a party-defendant destroyed the complete diversity among the parties required under 28 U.S.C. § 1332.  The Order allowed Plaintiff to file an Amended Complaint which addressed this procedural flaw.

As a result, on September 29, 2006, Plaintiff filed a second amended complaint (the "Second Amended Complaint"), in which he removed Gayed as a party-defendant.  Thereafter, on April 10, 2007, the parties submitted to this Court a Joint Discovery Plan outlining the timeline set for discovery to proceed.[2]  On May 3, 2007, Magistrate Judge Arleo signed a Pretrial

---

[1] On May 18, 2007, the parties joined in a Stipulation dismissing Fouad, Abiaad, La Vedette Production, and Stars on Tours from this action.  (Docket Entry No. 42.)

[2] Although this Joint Discovery Plan was served upon Assadourian as a pro se plaintiff, Plaintiff secured Tomas Espinosa, Esq. as counsel two days later, on April 12, 2007.  (Docket Entry No. 39.)

Scheduling Order, which established that any motion to amend the pleadings must be filed no later than June 15, 2007.  (Docket Entry No. 40.)

On May 15, 2007, Plaintiff filed a motion to amend the Second Amended Complaint.  This motion was granted by Magistrate Judge Arleo on July 25, 2007,[3] and Plaintiff thereafter filed the Third Amended Complaint.

On October 2, 2007, Magistrate Judge Arleo granted a motion by Tomas Espinosa to withdraw as counsel for Plaintiff.  On October 14, 2007, Vano Haroutunian, Esq. filed a Notice of Appearance on behalf of Plaintiff.  Nearly three months later, on January 3, 2008, Plaintiff filed a second motion for leave to file an amended complaint, requesting to add an additional claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.

Magistrate Judge Arleo denied Plaintiff's motion in an Order dated February 14, 2008.  In an oral opinion recorded February 8, 2008, Magistrate Judge Arleo explained that Plaintiff "cannot show despite diligence that he could not reasonabl[y] have moved to add the RICO claim against any of the named parties by the court-imposed June 15th deadline or even shortly thereafter."  (Mot. & Status Hr'g Tr. 26:18-21, Feb. 8, 2008.)  To support this conclusion, Magistrate Judge Arleo cited Plaintiff's undue delay in litigating this breach of contract case, as well as Plaintiff's possession of documents that reference Harb's alleged illegal conduct.[4]  (Hr'g

---

[3] At the same time, Magistrate Judge Arleo extended the period for discovery to October 1, 2007.  (Docket Entry No. 46.)

[4] Magistrate Judge Arleo notes that Plaintiff "did hint on the face of the third amended complaint of wrongful illegal conduct on the part of Mr. Harb," but never articulated a RICO claim in the previous versions of the pleading.  (Tr. 29:1-4.)

3

Tr. 28:6-21.) According to Magistrate Judge Arleo, Plaintiff did not use the time allotted for discovery to probe the factual predicates that gave rise to his RICO claims. (Hr'g Tr. 28:22-25.) Plaintiff also failed to request an extension of the deadline to file an amended pleading, in a timely manner. (Hr'g Tr. 27:1-7.)

On February 29, 2008, Plaintiff filed the instant motion, arguing that Magistrate Judge Arleo's ruling should be overturned. Plaintiff states that his motion to amend is founded primarily upon information obtained from Harb's deposition on December 4, 2007. At that deposition, Plaintiff claims that, for the first time in this action, Harb established that he engaged in a pattern of illegal acts that "provided him with an illegal advantage when competing against [Plaintiff] for Diab's business." (Pl. Br. 4.)

## II. STANDARD OF REVIEW

"Under ordinary circumstances a motion to amend a complaint is a pretrial matter not dispositive of a claim or defense of a party within the purview of FED. R. CIV. P. 72(a)." Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993) (internal quotations and citation omitted). A party may appeal a non-dispositive order of a magistrate judge to the district court. 28 U.S.C. § 636(b)(1)(A). The party must file an objection to the order within ten days after being served with a copy of the order. FED. R. CIV. P. 72(a).[5]

The district court resolving the timely appeal must determine if the magistrate judge's ruling was clearly erroneous or contrary to law. Id. That is, the district court "is bound by the

---

[5] When computing the date by which a party may file an objection to a magistrate's order, courts are instructed to "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days." FED. R. CIV. P. 6(a)(2). By filing his motion papers on February 29, 2008, Plaintiff timely appealed Magistrate Judge Arleo's Order dated February 14, 2008.

4

clearly erroneous rule in findings of facts," while "the phrase 'contrary to law' indicates plenary review as to matters of law."  Haines v. Liggett Group Inc., 975 F.2d 81, 91 (3d Cir. 1992).  The district court may not, however, "consider *de novo* the arguments of counsel raised before the Magistrate and rejected by him [or her], nor do[es it] consider additional arguments which do not demonstrate that his [or her] decision is clearly erroneous or contrary to law."  Pino v. Prudential Ins. Co. of Amer., 689 F. Supp. 1358, 1361 (E.D. Pa. 1988).

### III.  ANALYSIS

Plaintiff's motion to amend the Third Amended Complaint was filed after the June 15th deadline established by the Pretrial Scheduling Order.  As such, his motion should be treated as a request to amend the Pretrial Scheduling Order.  See Dimensional Commc'n, Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (finding that plaintiff must satisfy Rule 16's "good cause" requirement if seeking to amend the complaint after the deadline for amending pleadings has passed).  Rule 16 of the Federal Rules of Civil Procedure dictates that a scheduling order "may be modified only for good cause and with the judge's consent."  FED. R. CIV. P. 16(b)(4).

Plaintiff has failed to show good cause for his delay in filing a motion to amend the Third Amended Complaint.  Plaintiff concedes that, "prior to the Harb deposition[,] he was in possession of random and isolated documentary materials which seemed to support the proposed RICO claim amendments."  (Pl. Br. 4.)  Plaintiff argues, however, that none of the documents articulated facts sufficient to fulfill the *prima facie* elements of a RICO claim, and that Defendants repeatedly refused to appear for depositions.

Plaintiff's argument does not justify his failure to use other forms of discovery, including interrogatories and document requests, to expound upon the documents suggesting Harb's

alleged illegal conduct. Nor does it explain why he did not request an extension of time to submit an amended pleading. Given the alternate avenues through which Plaintiff could have articulated his RICO claim without violating the June 15th deadline, this Court finds that Plaintiff has not shown good cause for modifying the terms of the Pretrial Scheduling Order.

The analysis of Plaintiff's request to amend the Third Amended Complaint under FED. R. CIV. P. 15 likewise urges this Court to deny Plaintiff's motion. Rule 15 of the Federal Rules of Civil Procedure entitles a plaintiff to amend his complaint once as of right; plaintiff must seek leave from the district court for any additional amendments. FED. R. CIV. P. 15(a); Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003). Although Rule 15 dictates "that leave to amend shall be freely given when justice so requires," this does not grant a plaintiff unfettered, unlimited opportunities to amend his pleading. Foman v. Davis, 371 U.S. 178, 182 (1962) (internal quotations and citation omitted). District courts may deny a plaintiff's request to amend based on a finding of undue delay, bad faith, or prejudice to the opposing party. Foman, 371 U.S. at 182; Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005). The futility of amendment, or the failure of the plaintiff to articulate a claim, may also serve as a basis for denying a motion to amend. Hill, 411 F.3d at 134.

  1.  Prejudice to Opposing Party

Defendants would be unfairly prejudiced if Plaintiff were permitted, at this late stage of the litigation, to add a complex RICO claim to the otherwise simple contractual claims articulated in the previous versions of the pleading. "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978) (holding that amended complaint

prejudiced the non-moving party because it drastically changed the legal and factual dispute). Here, Plaintiff's proposed RICO claim would require extensive additional discovery and motion practice, since it involves facts and legal issues that are unrelated to the breach of contract claims. The immense amount of time and preparation Defendants would have to expend addressing this RICO claim, after already enduring numerous discovery extensions and pleading amendments requested by Plaintiff, would amount to an injustice against Defendants. This Court finds that such a burden should not be imposed on Defendants for Plaintiff's failure to articulate a RICO claim of which he was aware long before the June 15th deadline.

On these grounds alone, Magistrate Judge Arleo's decision denying Plaintiff leave to amend the Third Amended Complaint should be upheld. Nevertheless, this Court shall examine the remaining two bases for denying a motion to amend a pleading.

2.  Undue Delay

While "the mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay," there comes a point where "delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unwarranted burden on the opposing party." USX Corp. v. Barnhart, 395 F.3d 161, 167 (3d Cir. 2004) (quotations and citations omitted). This point has been reached in this case.

Throughout the three year tenure of this litigation, Plaintiff has thrice taken advantage of the opportunity to amend the pleading. He received documents in June of 2007 that potentially raised a RICO claim, yet failed to articulate a RICO claim on each occasion that he amended the pleading. (Hr'g Tr. 7:23-25.)

Plaintiff claims that he did not have sufficient evidence to fulfill the prima facie elements

7

of a RICO claim. However, Plaintiff could have taken Harb's deposition at an earlier date, given that he was aware of the June 15th deadline for amending the pleading. To the extent that Harb resisted attending the deposition, Plaintiff could have, but did not, inquire about Harb's illegal conduct through interrogatories or additional document requests. As explained by Magistrate Judge Arleo, "[t]he reason why you have interrogatories served right after the Rule 16 and answers given before the deadline for amendments [is] so you can flush-out and develop any theories and amend the complaint." (Hr'g Tr. 20:24-25; 21:1-2.) Assuming *arguendo* that Harb would have been equally resistant to respond to Plaintiff's discovery requests, Plaintiff at a minimum could have timely requested an extension of time for filing an amended pleading. Plaintiff's failure to take any of these steps dissuades this Court from granting him leave to file a fourth amended complaint.

    3.    <u>Futility</u>

To further support her decision, Magistrate Judge Arleo stated that amending the pleading to add a RICO claim would be futile, because Harb's illegal conduct could not have caused Plaintiff to lose his contract with Diab. (Hr'g Tr. 32:5-10.) Magistrate Judge Arleo relies on the Supreme Court's holding in <u>Anza v. Ideal Steel Supply Corp.</u>, 547 U.S. 451 (2006), to explain that the United States Government, and not Plaintiff, is the only entity harmed by Harb's offer to provide tax-free compensation to Diab. (<u>Id.</u>) Plaintiff disputes this conclusion, arguing that Harb's offer to pay Diab without deducting taxes or immigration costs allowed him to offer a greater compensation amount than Plaintiff, thereby luring Diab away from performing under Plaintiff's contract.

This Court disagrees with Plaintiff's reasoning, and agrees with Magistrate Judge Arleo's

application of the holding in Anza.  In Anza, plaintiff Ideal Steel Supply Corporation alleged that its competitor, "Joseph and Vincent Anza[,] harmed it by defrauding the New York tax authority and using the proceeds from the fraud to offer lower prices designed to attract more customers . . ." 547 U.S. at 457-58.  The Supreme Court held that Ideal failed to show how the Anzas' tax fraud was the proximate cause of its loss in business; "Ideal assert[ed] it suffered its own harms when the Anzas failed to charge customers for the applicable sales tax . . . . [but the] cause of Ideal's asserted harms, however, is a set of actions (offering lower prices) entirely distinct from the alleged RICO violation (defrauding the State)." Id. at 458.

In a similar vein, Plaintiff alleges in his RICO claim that Harb committed tax fraud in order to offer Diab a higher amount of compensation for his concert performances.  The cause of Plaintiff's harm, however, stems from Harb's competitive pricing, an act which is separate from Harb's alleged tax fraud.  The attenuation between Harb's alleged RICO violation and Plaintiff's harm is magnified by "[P]laintiff's own sworn testimony [which] confirms that he had a lack of experience promoting entertainers.  He was unwilling to travel to Egypt, and . . . had never signed a contract with someone of [Diab's] stature before." (Hr'g Tr. 32:15-19.) Plaintiff's inexperience serves as yet another explanation for Diab's decision to renege on his agreement with Plaintiff.

Since Plaintiff has failed to articulate a claim showing that Harb's alleged tax fraud was the proximate cause of the dissolution of his contractual agreement with Diab, it would be futile to grant Plaintiff leave to amend the Third Amended Complaint.

9

## IV. CONCLUSION

For the reasons stated above, this Court shall deny Plaintiff's appeal of Magistrate Judge Arleo order denying his request to amend the Third Amended Complaint.

S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: August 25, 2008