**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

April 17, 2009

| | |
|---|---|
| Vano I. Haroutunian, Esq.<br>Ballon, Stoll, Bader & Nadler<br>1450 Broadway, 14th Floor<br>New York, NY 10018 | Alex Tovitz, Esq.<br>Jasinski & Williams<br>Ten Park Place<br>Newark, NJ 07102 |

**LETTER ORDER**
**REPORT AND RECOMMENDATION**

Re:   Assadourian v. Harb, et al.
      **Civil Action No. 06-896 (JAG)**

Dear Counsel:

Judge Greenaway has referred to me plaintiff's motion for leave to dismiss his Third Amended Complaint without prejudice, defendant's cross-motion to dismiss the Third Amended Complaint with prejudice, and defendant's application for attorney's fees and sanctions. For the reasons set forth below, it is respectfully recommended that both motions and application for fees be denied.

**Background**

The factual background is set forth in the August 28, 2008 Opinion of Judge Greenaway (Docket No. 99). In essence, plaintiff alleges that he entered a verbal contract with Ashraf Fouad ("Fouad"), the now deceased agent of defendant Amro Diab ("Diab"). The contract was for a

musical performance by Diab, a musician and Egyptian national. Plaintiff also alleges that defendant Youssef Harb ("Harb") tortiously interfered with his contract. Discovery to date has revealed that almost all discussions regarding the contract negotiations were with the deceased agent Mr. Fouad, and not Mr. Diab.

Plaintiff, who initially proceeded pro se in the instant litigation, filed an Amended Complaint (the "Amended Complaint"), as of right on March 9, 2006. The Amended Complaint added additional party-defendants, including Fouad, Maroun Abiaad ("Abiaad"), La Vedette Production, Inc. ("La Vedette Production"), Starts on Tour Inc. ("Stars on Tour"), and Munir Gayed ("Gayed").[1] On August 25, 2006, this Court dismissed the Amended Complaint for lack of subject matter jurisdiction, explaining that the inclusion of Gayed, a citizen of New Jersey, as a party-defendant destroyed the complete diversity among the parties required under 28 U.S.C. § 1332. The Order allowed Plaintiff to file an Amended Complaint which addressed this procedural flaw.

As a result, on September 29, 2006, Plaintiff filed a Second Amended Complaint (the "Second Amended Complaint"), in which he removed Gayed as a party-defendant. Thereafter, on April 10, 2007, the parties submitted to this Court a Joint Discovery Plan outlining the timeline set for discovery to proceed.[2] On May 3, 2007, this Court signed a Pretrial Scheduling Order, which established that any motion to amend the pleadings must be filed no later than June 15, 2007. (Docket Entry No. 40.)

---

[1] On May 18, 2007, the parties joined in a Stipulation dismissing Fouad, Abiaad, La Vedette Production, and Stars on Tours from this action. (Docket Entry No. 42.)

[2] Although this Joint Discovery Plan was served upon Assadourian as a pro se plaintiff, Plaintiff secured Tomas Espinosa, Esq. as counsel two days later, on April 12, 2007. (Docket Entry No. 39.)

On May 15, 2007, Plaintiff filed a motion to amend the Second Amended Complaint. This motion was granted on July 25, 2007,[3] and Plaintiff thereafter filed the Third Amended Complaint.

On October 2, 2007, this Court granted a motion by Tomas Espinosa, Esq. to withdraw as counsel for Plaintiff. On October 14, 2007, Vano Haroutunian, Esq. filed a Notice of Appearance on behalf of Plaintiff.

Nearly three months later, on January 3, 2008, Plaintiff filed a second motion for leave to file an amended complaint, requesting to add an additional claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. This Court denied plaintiff's motion and Judge Greenaway affirmed.

On January 15, 2009, plaintiff filed this instant motion to dismiss his Third Amended Complaint without prejudice. On the same day, he filed an informal application to reopen discovery to take the deposition of Diab. By Letter Order dated April 17, 2009, this Court denied plaintiff's motion to reopen discovery and also set a schedule for filing of summary judgment motions.

**Analysis**

Fed. R. Civ. P. 41(a)(2) provides that once a defendant files an Answer, a plaintiff shall not voluntarily dismiss its action except upon Order to the Court, "on the terms that the court considers proper." Generally, a motion for dismissal "should not be denied absent substantial prejudice to the defendant." Johnston Development Group, Inc. v. Carpenters Local Union No. 1578, 728 F. Supp. 1142, 1146 (D.N.J. 1990) (internal quotation omitted). In determining whether a voluntary dismissal is likely to cause prejudice, the Court should consider (1) the expense of a second litigation; (2) the

---

[3]At the same time, this Court extended the period for discovery to October 1, 2007. (Docket Entry No. 46.)

effort and expense incurred by defendant in preparing for trial in the current case; (3) the extent to which the case is progressing; and (4) plaintiff's diligence in bringing the motion to dismiss." Sporn v. Ocean Colony Condominium Association, 173 F. Supp. 2d, 244, 255 (D.N.J. 2001) (denying plaintiff's motion for voluntary dismissal under Rule 41 of a discrimination case).  Here, an application of those factors leads to the conclusion that plaintiff's motion should be denied.

1. **The Expense of a Second Lawsuit**

As defendants point out, on August 15, 2007, defendants filed counterclaims against plaintiff, which arise out of the same factual predicate as the underlying Third Amended Complaint.  Therefore, if the Court were to grant plaintiff's motion to dismiss without prejudice his Third Amended Complaint, this action could proceed in two forums: the counterclaims would continue in this Court and defendants would face the possibility of having to relitigate the same issues at a later date.  Such expense to defendants could be substantial and would result in a waste of judicial resources.  This factor militates in favor of denying plaintiff's motion.

2. **The Defendants' Expense In Litigating This Case**

Defendants have incurred substantial effort and expense in litigating this case for nearly three years.  Plaintiff first proceeded pro se and was subsequently represented by two separate law firms.  Discovery has been extended three times and was reopened after it was closed when second counsel appeared.  Plaintiff has filed three Amended Complaints.  There have been numerous discovery disputes and hearings including an appeal to the District Court of a denial for leave to file a Fourth Amended Complaint.  Discovery is now closed.  As in Sporn, "[d]efendants have incurred substantial expense both in defending the merits of the case and in simply attempting to keep the case moving along towards resolution." Id. at 255.   This factor militates in favor of denying the

motion.

3.   **The Extent To Which The Case Has Progressed**

As set forth above, this case is three years old.  Discovery has been extended numerous times and is now closed.   This factor militates in favor of denying the motion.

4.   **Plaintiff's Lack of Diligence in Seeking a Dismissal**

This Court has given plaintiff a full and fair opportunity to prosecute his claims.  He originally represented himself pro se and subsequently was represented by two different law firms.  Indeed, the Court reopened discovery after his recent counsel entered his appearance.   It was not until after his appeal was unsuccessful, discovery closed, and summary judgment motions were eminent that this motion was filed.

Given the history here, this Court is satisfied that the case should be resolved on its merits.  Plaintiff's lack of diligence in waiting until the eleventh hour to seek a voluntary dismissal militates against granting the motion.

5.   **Defendants Cross-Motion to Dismiss With Prejudice**

For the reasons set forth above, the Court will likewise recommend the denial of defendant's cross-motion to dismiss with prejudice.   There is no authority for the proposition that the Court, on the facts here, should dismiss the case with prejudice.   Plaintiff can voluntarily choose to dismiss this case with prejudice; otherwise the case will proceed on its merits.

6.   **An Award of Attorney's Fees**

The grant of attorney's fees and costs when a plaintiff dismisses suit is discretionary.  Fed. R. Civ. P. 41(a)(2).  It is recommended that the motions to dismiss be denied.  An award of attorney's fees is therefore inappropriate.

5

## Conclusion

For the foregoing reasons, this Court respectfully recommends that plaintiff's motion to dismiss without prejudice be denied, defendant's cross-motion to dismiss with prejudice be denied, and defendant's application for attorney's fees and sanctions be denied.

**SO ORDERED.**

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

cc:   Clerk
      Hon. Joseph A. Greenaway, Jr., U.S.D.J.
      File