**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| MAURICE ASSADOURIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Hon. Garrett E. Brown, Jr. |
| v. | ) | |
| | ) | Civil Action No. 06-896 (GEB) |
| YOUSSEF HARB a/k/a JOSEPH HARB d/b/a | ) | |
| PLANET OF PERFORMERS, INC., AMRO | ) | **MEMORANDUM OPINION** |
| DIAB, ASHRAF FOUAD (deceased), ASHRAF | ) | |
| FOUAD DECEDENT ESTATE, and | ) | |
| JOHN DOES (1 TO 25), | ) | |
| | ) | |
| Defendants. | ) | |

_____

|  |  |
|---|---|
| YOUSSEF HARB and PLANET | ) |
| OF PERFORMERS, INC., | ) |
| | ) |
| Third Party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| SUPERIOR MEGA STARS PRODUCTION, INC., | ) |
| | ) |
| Third Party Defendant. | ) |

_____

**BROWN, Chief Judge:**

This matter comes before the Court on the motion for summary judgment (Doc. No. 114)

filed by Defendants Youssef Harb, Planet of Performers, Inc., and Amro Diab ("Moving

Defendants").[1]  For the following reasons, the Court will grant Moving Defendants' summary

_____

[1]By order of March 15, 2010, this matter was reassigned to the undersigned.

1

judgment motion.

## I.     BACKGROUND

In opposing Moving Defendants' motion, Plaintiff failed to include his own statement of undisputed material facts pursuant to Local Civil Rule 56.1 or otherwise respond to the undisputed material facts provided by Moving Defendants.  Where plaintiff does not file a Local Rule 56.1 statement, "all facts contained in Defendants' Rule 56.1 statement will be deemed admitted if they are supported by evidence and not contradicted in Plaintiff's opposing evidence."  *Sampson v. Ctr. for Family Guidance*, No. 05-4975, 2007 U.S. Dist. LEXIS 60749, at *1 n.1 (D.N.J. Aug 16, 2007); *see also Stouch v. Twp. of Irvington*, No. 03-6048, 2008 U.S. Dist. LEXIS 54055, at *5 (D.N.J. July 16, 2008) ("[T]his Court will deem Defendants' uncontested facts as admitted, unless disputed by Plaintiffs in their brief and supported by evidence."); *Hill v. Algor*, 85 F. Supp. 2d 391, 408 (D.N.J. 2000) ("Facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.").  After reviewing the record, this Court finds Moving Defendants' uncontroverted facts to be supported by evidence and will deem them as admitted.

In 1994 and 1996, Plaintiff Maurice Assadourian, a resident of New Jersey, promoted two small shows for defendant Amro Diab, an Egyptian musician, before Diab attained some degree of popularity.  (Hegarty Decl., Ex. A (Pl.'s Dep.) at 83.)  In 1997, Plaintiff again tried to contract with Diab; however, Plaintiff backed out of the verbal agreement.  (*Id.* at 115.)  In 2003, Plaintiff formed Superior Mega Stars Production, Inc. ("Superior"), an entertainment promotion business.  While Superior was in business, Plaintiff contacted various Middle Eastern artists with the intent to sign them to perform in the United States and Canada.  (*Id.* at 73.)  When signing artists,

Plaintiff would negotiate and settle the price, travel arrangements, and accommodations.  (*Id.* at 73-74.)

By 2004, Diab was becoming more popular in the United States, and an estimated twenty to thirty promoters were interested in signing with him.  (*Id.* at 129, 223.)  In 2004, Plaintiff reached out to Diab's now-deceased agent, Ashraf Fouad, an Egyptian citizen, offering to promote Diab.  (*Id.* at 142, 146.)  Nothing came of this original offer, but in April 2005 Plaintiff renewed discussion with Fouad about his offer to promote Diab in the United States and Canada.  (*Id.* at 162.)  During these discussions, Plaintiff and Fouad never reached an agreement as to the specific dates or specific venue locations of the performances, nor did they reach an agreement on the amount of up-front money to be paid to Diab.  (*Id.* at 167, 168.)  Documents regarding arrangements for the shows, including a statement of Diab's personal requests, were never exchanged.  (*Id.* at 172, 183.)  In September 2005, Diab signed an agreement with Defendant Youssef Harb, a Canadian citizen and the apparent operator of several shell corporations, including Defendant Planet of Performers, Inc. ("Planet"), to promote concerts in the United States.  (Hegarty Decl., Ex. B (Harb Dep.) at 64.)  Planet was incorporated in California, but according to Plaintiff's Third Amended Complaint, its incorporation status has been revoked.

Plaintiff filed a Complaint on February 27, 2006, then filed an Amended Complaint, as of right, on March 9, 2006.  The Amended Complaint added additional party-defendants, including Fouad, Maroon Abiaad, La Vedette Production, inc. ("La Vedette"), Stars on Tour ("Stars"), and Munir Gayed.  On August 25, 2006, then District and now Circuit Judge Joseph A. Greenaway, Jr., granted a motion to dismiss the Amended Complaint for lack of subject matter jurisdiction, holding that the inclusion of Gayed, a citizen of New Jersey, as a party-defendant destroyed the

complete diversity among the parties required under 28 U.S.C. § 1332.  Judge Greenaway

granted Plaintiff leave to amend to correct this problem.  (Doc. No. 14.)

On September 29, 2006, Plaintiff filed a Second Amended Complaint which did not

include Gayed as a party-defendant.  On May 18, 2007, the parties stipulated to a dismissal with

prejudice from this action of Abiaad, La Vedette, Stars, and Gayed.  (Doc. No. 42.)  After

Magistrate Judge Madeline Cox Arleo granted Plaintiff's motion to amend the Second Amended

Complaint, Plaintiff filed a Third Amended Complaint on July 30, 2007.  (Doc. No. 48.)  The

Third Amended Complaint raises four claims: (1) breach of contract, (2) tortious interference

with contract, (3) civil conspiracy, and (4) unlawful business practices.  Magistrate Judge Arleo

subsequently denied Plaintiff's motion for leave to amend the Third Amended Complaint, and

Judge Greenaway denied Plaintiff's appeal of that ruling.

On February 29, 2008, Plaintiff filed a Motion of Issuance of Letters Rogatory in order to

depose Diab, an Egyptian citizen who lives in Egypt.  (Doc. No. 85.)  Magistrate Judge Arleo, on

Agusut 27, 2008, ordered a videoconference deposition of Diab to take place on or before the

close of discovery on October 31, 2008.  (Doc. No. 98.)  Diab's deposition was scheduled for

October 16, 2008, but Plaintiff cancelled it because he could not obtain a court reporter.  (Defs.'

Certif., Exs. C, D.)  Plaintiff waited until a December 12, 2008 conference with Magistrate Judge

Arleo, where the parties were to discuss a summary judgment briefing schedule, to raise the issue

of reopening discovery.  On January 15, 2009, Plaintiff applied to reopen discovery to allow for

the deposition of Diab.  On the same day, Plaintiff moved to dismiss his Third Amended

Complaint without prejudice, apparently because his claims became more difficult to prove after

the death of Diab's agent and in light of his failure to secure the deposition of Diab.  He sought a

dismissal without prejudice so that he could preserve his right to litigate this case at a later date. Moving Defendants moved to convert Plaintiff's motion to a dismissal with prejudice, and requested attorney's fees. Magistrate Judge Arleo issued a Report and Recommendation that both motions be denied (Doc. No. 110), and also denied Plaintiff's informal application to reopen discovery for lack of good cause (Doc. No. 111). Judge Greenaway adopted Magistrate Judge Arleo's R&R and denied the parties' cross-motions to dismiss. (Doc. No. 120.)

On June 24, 2009, Moving Defendants filed the instant motion for summary judgment. In their brief, Moving Defendants ask the Court to "dismiss the complaint in its entirety." (Defs.' Br. at 1.) However, they only address two out of the four claims brought by Plaintiff: breach of contract against Diab and tortious interference with contract. With regard to Plaintiff's civil conspiracy and unlawful business practices claims, Moving Defendants assert that Plaintiff withdrew these claims in his motion for leave to amend the Third Amended Complaint. (Defs.' Br. at 8 n.3.)

## II.    DISCUSSION

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no triable issue exists unless there is sufficient evidence favoring the nonmoving

party for a jury to return a verdict in its favor).  In deciding whether triable issues of fact exist, this Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).  The opposing party "may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."  Fed. R. Civ. P. 56(e)(2).

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The parties do not dispute that this Court should apply New Jersey law as the law of the forum state.  Accordingly, this Court will apply New Jersey law to Plaintiff's breach of contract and tortious interference with contract claims.  *See, e.g.*, *Am. Cyanamid v. Fermenta Animal Health Co.*, 54 F.3d 177, 180 (3d Cir. 1995).

A.    Breach of Contract

Moving Defendants contend that Plaintiff's claim for breach of an oral contract against Diab lacks merit because a contract never existed.  This Court agrees because uncontroverted evidence shows a lack of agreement on essential terms.  To succeed on a claim for breach of contract, a plaintiff must establish: "(1) the existence of a valid contract between plaintiff and defendant; (2) that defendant breached the contract; (3) that plaintiff performed his or her obligations under the contract; and (4) resulting damages."  *Ford Motor Co. v. Edgewood Prop.*, Nos. 06-1278, 06-4266, 2009 U.S. Dist. LEXIS 4172, at *17 (D.N.J. Jan. 20, 2009) (*citing Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 275 F. Supp. 2d 543, 566 (D.N.J. 2003), *aff'd*,

342 F.3d 191 (3d Cir. 2003)).  "A contract need not be [] reduced to a single writing, or any

writing at all, to form the basis of a breach of contract claim." *ABD Monroe, Inc. v. Monroe*

*Twp.*, No. 04-1412, 2008 U.S. Dist. LEXIS 242, at *36 (D.N.J. Jan. 3, 2008).

      "A contract need not be expressed in writing as long as the parties agreed to do something

that they previously did not have an obligation to do." *Marilyn Manson v. N.J. Sports &*

*Exposition Auth.*, 971 F. Supp. 875, 888 (D.N.J. 1997) (finding that plaintiff had reasonable

likelihood of success on the merits that an oral contract was formed because there was proof the

parties agreed to essential elements such as price and time, which showed an intent to be bound).

The alleged contract "must be sufficiently definite 'that the performance to be rendered by each

party can be ascertained with reasonable certainty.'" *Weichert Co. Realtors v. Ryan*, 128 N.J.

427, 435 (1992) (quoting *W. Caldwell v. Caldwell*, 26 N.J. 9, 24-25 (1958)).  "This requires that

the parties agree 'on essential terms and manifest an intention to be bound by those terms.'"

*Goen Techs. Corp. v. NBTY, Inc.*, No. 05-4597, 2007 U.S. Dist. LEXIS 65396, at *6 (D.N.J.

Sept. 4, 2007) (quoting *Weichert*, 128 N.J. at 435); *see also Marilyn Manson*, 971 F. Supp. at

888.  "Where the parties do not agree to one or more essential terms, however, courts generally

hold that the agreement is unenforceable." *Weichert*, 128 N.J. at 435.

      In this case, Moving Defendants presented uncontradicted evidence demonstrating that no

contract was formed.  According to Plaintiff's own testimony, the alleged oral contract between

Plaintiff and Diab did not contain specific dates, venues, or cities in which Diab would perform.

Rather, the parties were still discussing those issues and never reached an agreement.  The parties

did not agree on the amount of up-front money that would be paid by Plaintiff.  The requested

materials and passport copies that were discussed by the parties as ways to finalize the deal were

never exchanged.  (Pl.'s Dep. at 167, 168, 182, 183.)  The undisputed record illustrates that

several essential terms were not agreed upon.  Based on these undisputed facts, as conceded by

Plaintiff at the deposition, no oral contract had been established as a matter of law.

Plaintiff relies on unsupported assertions to show that an oral contract existed.[2]  Mere

assertions are not evidence, and Plaintiff fails to present any facts from the record to create any

dispute whether an oral contract was reached with Diab.  Plaintiff instead improperly asks this

Court to presume a valid contract.  *E.g.*, Pl.'s Br. at 3 ("[T]here is nothing in the record to

disprove the formation of an oral contract.")  Plaintiff repeatedly suggests that Moving

Defendants do not point to any evidence, however Moving Defendants have presented ample

evidence establishing that no oral contract was ever formed.   Plaintiff simply has not met his

burden to "set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).

Plaintiff also contends that Diab never refuted the fact that an enforceable contract existed

and summary judgment cannot be issued because no testimony has been obtained from Diab.

However, after ample opportunity, Plaintiff never deposed Diab, nor did Diab otherwise ever

concede that an oral contract did exist.  Plaintiff's argument amounts to a plea to reopen

discovery, a request which Magistrate Judge Arleo already denied after extending discovery

deadlines several times.  (Doc. No. 111.)  The lack of refutation by Diab and Plaintiff's own

failure to depose Diab do not create any genuine issue of material fact.  Moving Defendants

present undisputed facts, based largely on Plaintiff's own testimony, that compel this Court to

---

[2]Plaintiff's counsel filed a document entitled "Declaration of Vano I. Haroutunian, Esq.,"
which seems to have been submitted instead of their Local Rule 56.1 statement.  This document
only provides improper additional argument by counsel unsupported by any evidence in the
record.  This certification woefully fails to satisfy Plaintiff's obligation under Local Rule 56.1.

conclude as a matter of law that no contract existed.  Therefore, this Court will grant Moving

Defendants' motion for summary judgment as to Plaintiff's breach of contract claim.

     B.     <u>Tortious Interference with Existing Contract</u>

Plaintiff's Third Amended Complaint asserts a claim for tortious interference with

contract against Harb and Planet.  Plaintiff's brief demonstrates that the claim stems solely from

the alleged interference with his purported oral contract with Diab.  According to Plaintiff, "the

interference by Harb is alleged to have been with the oral contract between plaintiff and Diab,"

(Pl.'s Br. at 1), and "[t]he existence of that oral contract is likewise the fulcrum of plaintiff's

claim against defendant Harb" (Pl.'s Br. at 3).  Under New Jersey law, to prove a claim for

tortious interference with an existing contract, a plaintiff must establish: "(1) an existing

contractual relationship; (2) intentional interference with that relationship; (3) the malicious

nature of the interference; and (4) damages resulting from the interference."  *Matrix Essentials,*

*Inc. v. Cosmetic Gallery, Inc.*, 870 F. Supp. 1237, 1247 (D.N.J. 1994) (citing *Norwood Easthill*

*Assocs. v. Norwood Easthill Watch*, 222 N.J. Super. 378, 383-84 (App. Div. 1988)).  This Court

has concluded as a matter of law that there was no contractual relationship between Plaintiff and

Diab.  Therefore, Plaintiff's tortious interference with contract claim based on that alleged oral

contract must fail.  Thus, this court will grant Moving Defendants' motion for summary

judgment as to this claim.

     C.     <u>Remaining Claims</u>

In their motion for summary judgment, Moving Defendants only address two out of

Plaintiff's four claims in the Third Amended Complaint.  They do not address the claim for civil

conspiracy against Harb and Diab and the claim for unlawful business practices against Harb and

9

Planet.  Therefore, this Court cannot grant summary judgment on these claims.  Moving

Defendants suggest in their brief that Plaintiff withdrew these claims in connection with his

motion for leave to amend the Third Amended Complaint.  Plaintiff's proposed Fourth Amended

Complaint indeed fails to include claims for civil conspiracy and unlawful business practices.

(Doc. No. 67 (Haroutunian Decl.) Ex. A.)  However, that motion was denied (Doc. No. 77), the

Third Amended Complaint remains operative, and the Court cannot find any indication on the

docket that these claims have been formally withdrawn or explicitly waived.  Furthermore, it

appears that claims remain pending against Fouad and Fouad's estate.  Defendants Harb and

Planet have also filed several counterclaims against Plaintiff and Superior, all of which appear to

remain pending.[3]


III.    **CONCLUSION**

        For the foregoing reasons, this Court will grant Moving Defendants' motion for summary

judgment.  (Doc. No. 114.)  An appropriate form of order accompanies this Memorandum

Opinion.

---

        [3]The Court notes that in the Third Amended Complaint, Plaintiff asserts claims against
Abiaad, La Vedette, and Stars.  Prior to the filing of the Third Amended Complaint, the parties
stipulated to the dismissal of these defendants with prejudice.  (Doc. No. 42.)  Therefore, the
Court considers these parties and the claims against them in the Third Amended Complaint to be
dismissed with prejudice.  Plaintiff also names Munir Gayed in the caption of the Third
Amended Complaint and arguably references Gayed as a Defendant once within the text of the
Third Amended Complaint.  However, Plaintiff did not include Gayed in the "Parties" section.  If
Gayed was a party, diversity jurisdiction would again be destroyed, as Judge Greenaway held in
granting a motion to dismiss for lack of subject matter jurisdiction in this matter.  (Doc. No. 14.)
Based on its review of the Third Amended Complaint, and the parties' prior dismissal of Gayed
with prejudice, this Court will not consider Gayed to be a party-defendant in this case.

Dated: June 21, 2010
Newark, New Jersey

                                                    _____S/ Garrett E. Brown, Jr._____
                                                    Garrett E. Brown, Jr., Chief Judge
                                                    United States District Court