**Oral Argument Requested**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAURICE ASSADOURIAN,<br>     *Plaintiff,*<br><br> -against-<br><br>YOUSSEF HARB, PLANET OF PERFORMERS, INC., AMRO DIAB, ASHRAF FOUAD (deceased), and ASHRAF FOUAD (decedent estate),<br>     *Defendants.* | Civil Action No.: 06-cv-00896 (GEB)(MCA)<br><br>***(Document Electronically Filed)*** |
| YOUSSEF HARB and PLANET OF PERFORMERS, INC.,<br>     *Third Party Plaintiffs,*<br><br> -against-<br><br>SUPERIOR MEGA STAR PRODUCTION, INC.,<br>     *Third Party Defendant.* | |

_____

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**
_____

                       **JASINSKI, P.C.**
                        8025 Black Horse Pike
                        Suite 470
                        West Atlantic City, NJ  08232
                        T: 609-677-9800
                        F: 609-677-9811
                        *Attorneys for Defendants*
                        *and Third Party Plaintiffs*

On the Brief:  John C. Hegarty, Esq.

**PRELIMINARY STATEMENT**

This Memorandum is submitted by defendants Youssef Harb, Planet of Performers, Inc., and Amro Diab, by and through their attorneys Jasinski, PC, in support of their motion pursuant to Rule 56 of the Federal Rules of Civil Procedure for a judgment on the pleadings dismissing the complaint in its entirety.

It is apparent that this case stems from jealousy and a desire to harm the reputation of Plaintiff's competitor. Plaintiff failed to sign Defendant Diab to a lucrative contract, and Defendant Diab subsequently decided to sign with Defendant Harb. Instead of moving on to his next business venture, Plaintiff decided to file this lawsuit in a misguided attempt to derail Defendants' business and to malign Defendants' reputations.

Plaintiff never reached an agreement with Defendant Diab.

For these reasons, and the reasons stated below, the instant motion should be granted, with Summary Judgment on Plaintiff's remaining two counts in favor of Defendants.

**FACTUAL AND PROCEDURAL HISTORY**

This dispute centers around an entertainment contract entered into between Defendants Amr Diab and Youssef Harb in 2005. Plaintiff claims that Defendant Diab had previously entered into an oral agreement with him. Plaintiff further claims that Defendants Diab and Planet of Performers tortiously interfered with his contract and/or his prospective contract. From the outset of this case, Defendants have vehemently denied these allegations.

I.   **Plaintiff Files His Complaint in February 2006 and
     Subsequently Amends His Complaint Twice**

On February 27, 2006, Plaintiff filed his initial Complaint. (Hegarty Dec. at ¶3)[1] Plaintiff subsequently amended his Complaint twice, but did not allege any RICO violations. (Hegarty Dec. at ¶¶4, 6)

II.  **Plaintiff Retains his First Attorney in April 2007**

On April 12, 2007, Plaintiff retained counsel, Tomas Espinosa, Esq. (Hegarty Dec. at ¶7) Mr. Espinosa aggressively litigated this case on behalf of Plaintiff by propounding discovery requests, responding to Defendants' outstanding discovery requests, seeking depositions, and moving to amend the Second Amended Complaint. (Hegarty Dec. at ¶8, 9)

On May 2, 2007, the Court entered a scheduling order. (Hegarty Dec. at ¶11) On May 15, 2007, Plaintiff, through his new counsel, moved to amend the Second Amended Complaint. (Hegarty Dec. at ¶12)

On June 25, 2007, the Court granted Plaintiff's motion to amend the Second Amended Complaint, and Plaintiff filed his Third Amended Complaint. (Hegarty Dec. at ¶12, 13)

On August 15, 2007, Defendants filed an answer, counterclaims and Third Party Complaint to Plaintiff's Third Amended Complaint. (Hegarty Dec. at ¶16)

III. **Plaintiff Retains his Current Attorney in October 2007
     and Again Attempts to Amend Complaint**

On October 14, 2007, Plaintiff retained new counsel, Vano Hartounian, Esq. (Hegarty Dec. at ¶17). Counsel filed a Motion to Amend and file a Fourth Complaint to

---

[1] "Hegarty Dec." refers to the Declaration of John C. Hegarty, Esq. submitted in support of this Motion for Summary Judgment.

add RICO claims. That motion was denied on February 14, 2008. (Hegarty Dec. at ¶20).

After the failure of Plaintiff to take the deposition of Defendant Diab, pursuant to the Court's Order of August 27, 2008, discovery closed on October 31, 2008. (Hegarty Dec. at ¶28). Defendants' served a Safe Harbor letter upon Plaintiff's counsel on October 31, 2008, pursuant to F.R.Civ.P.. (Hegarty Dec. at ¶29). In response to Defendants' Safe Harbor letter, Plaintiff agreed to withdraw the Third Amended Complaint but did not wish to forgo all future claims and would only agree to dismiss without prejudice. (Hegarty Dec. at ¶31). After Defendants refused this meaningless offer, Plaintiff filed a Motion to Dismiss Without Prejudice and Defendants' cross-moved for an Order of dismissal with prejudice. (Hegarty Dec. at ¶32). Both were denied by the Court's Order of April 17, 2009. (Hegarty Dec. at ¶32). As a result of that Order, and based upon Plaintiff's representations that he did not intend to pursue his civil conspiracy and unlawful business practices claims alleged in the Third Amended Complaint, Defendants' thereafter filed a Motion for Summary Judgment as to the claims for tortuous interference and breach of contract set forth in the Third Amended Complaint. On June 21, 2010, this Motion was granted by the Honorable Chief Judge Garrett E. Brown, Jr.. Thereafter, and realizing that no other claims survived Judge Brown's decision, Plaintiff decided to proceed to trial and pursue his claims for civil conspiracy and unlawful business practice. As a result thereof, Defendants now file this Motion for Summary Judgment as to those two remaining claims.

### STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendants respectfully incorporate by reference the Statement of Undisputed

3

Material Facts submitted herein.[2]

## ARGUMENT

### POINT I

### DEFENDANTS' SUMMARY JUDGMENT MOTION MUST BE GRANTED FOLLOWING THE STANDARDS GOVERNING FED. R. CIV. P. 56(a).

Summary judgment is a mechanism whereby the district court is given the opportunity to "isolate and dispose of factually unsupported claims ...." Pittman v. LaFontaine, 756 F.Supp. 834, 840 (D.N.J. 1991). Where, as here, the nonmoving party bears the ultimate burden of proof at trial, the moving party is entitled to summary judgment by showing "there is an absence of evidence to support the nonmoving party's case." Johnson v. Penske Truck Leasing Co., 949 F.Supp. 1153, 1168 (D.N.J. 1996). Defendants have set forth the utter lack of evidence established by Plaintiff in this case and summary judgment dismissing Plaintiff's remaining two claims is warranted.

### POINT II

### PLAINTIFF CANNOT STATE A CLAIM FOR UNLAWFUL BUSINESS PRACTICES

In Count III of the Complaint, Plaintiff alleges "unlawful business practices." (Complaint at ¶31) Notwithstanding Plaintiff's malicious and slanderous allegations, there is no recognized cause of action for "unlawful business practices" in New Jersey. Even construing the Complaint liberally, no actionable claim lies against Defendants. Plaintiff summarily alleges that Defendant Harb made millions of dollars from the Taj Mahal and Ticket Master in violation of unidentified "State and Federal laws." (Complaint at ¶32-33) Plaintiff did not even allege that his sole injury -- his inability to

---

[2] For purposes of this Motion only, Defendants assume the truth of Plaintiff's allegations and deposition testimony.

4

obtain a contract with Defendant Diab in 2005 -- was the direct and foreseeable result or even the intended result of Defendants' alleged illegal acts. Plaintiff's slanderous allegations aside, he fails to state a cause of action as against any of the Defendants and Count III of the Third Amended Complaint must be dismissed.

### POINT III

### PLAINTIFF'S CONSPIRACY CLAIM MUST FAIL

Civil conspiracy is not an independent cause of action, and conspiracy liability depends on the presence of an underlying finding of tort liability. Brown v. Phillip Morris, Inc., 228 F.Supp.2d 506, 517 n.10 (D.N.J. 2002). Thus, the dismissal of Plaintiff's other causes of action would mandate the dismissal of his conspiracy claim. In the Court's decision of June 21, 2010, the Court has already rejected two of Plaintiff's other tort claims and issued summary judgment in favor of Defendants. At the time of the filing of this motion, unlawful business practice is the only potential only 'tort' claim remaining for which the Court could impose tort liability upon Defendants. For the reasons set forth in Point II above, no such recognized cause of action exists in New Jersey and therefore no liability for civil conspiracy to commit this fabricated tort can be imposed.

Even assuming that unlawful business practice was a recognized cause of action in New Jersey and even assuming that Plaintiff could state a claim for unlawful business practices, he cannot satisfy the elements of a conspiracy claim. Specifically, to establish a conspiracy claim, plaintiff must demonstrate that there was one plan and that its essential scope and nature was known to each person charged with responsibility for its consequences. Weil v. Express Container Corp., 360 N.J. Super. at 614 (citations omitted). Here, Plaintiff only alleges, without any proofs, that Defendant Harb had a common plan and design to injure him. (Complaint at ¶27) Discovery is now complete and, other than the unsupported statement of Plaintiff, there is not a single shred of evidence to support this claim.

## CONCLUSION

For all of the foregoing reasons, and based upon the utter lack of factual support for Plaintiff's claims, Defendants respectfully urge this Court to grant their motion for summary judgment on the counts of Unlawful Business Practice and Civil Conspiracy alleged in the Third Amended Complaint.

Dated: September 10, 2010

*s/ John C. Hegarty*
JOHN C. HEGARTY (JH 8203)
**JASINSKI, P.C.**
8025 Black Horse Pike
Suite 470
West Atlantic City, NJ  08232
*Attorneys for Defendants*
*and Third Party Plaintiffs*

6